United States District Court
Southern District of Texas
**ENTERED**
August 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| A-Blake Records, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-14-3401 |
| | § | |
| Jason William Cassidy, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Attorney's Fees

1. *Introduction.*

A record company sued a country singer for copyright infringement and to recover money owed from album sales. The court dismissed the case with prejudice because the parties agreed that the claims of the company were without merit. Because the original suit was baseless, retaliatory, and it promotes the purpose of copyright law, the singer will be awarded litigation costs and reasonable attorney fees.

2. *Background.*

Jason William Cassidy is a country singer. He contracted with A-Blake Records, LLC, to record, sell, and promote his music in exchange for part of the proceeds from his tours, performances, and album sales. In 2014, Cassidy filled for bankruptcy and his estate rejected the responsibility of his contract with A-Blake. At the time of filing, he owed A-Blake Records $700,000.00. A-Blake missed the deadline to dispute the discharge of its claim. It moved for leave to dispute the discharge asserting that his bad acts justified the payment of the debt. On October 24, 2014, the court denied A-Blake's request and struck its complaint from the docket – the bankruptcy court fully discharged its claim. Unhappy with this result, on November 10, 2014, A-Blake sent a letter to Cassidy asserting that it owned the copyright to a laundry list of his songs and that it was excluding him from reproducing, performing, and publishing them.

On November 20, while representatives from A-Blake were waiting in the wings to monitor to his set list, Cassidy performed three songs from its asserted repertoire at a local bar.

On November 26, A-Blake sued Cassidy for three claims of willful copyright infringement when he performed the songs in public. Cassidy moved to dismiss the complaint because (a) he had performed the songs in a licensed venue, (b) A-Blake did not then, or ever, own the rights to the songs, and (c) it did not establish a valid U.S. Copyright Registration for the songs. He also asked for reasonable costs and attorney's fees.

On January 29, 2015, the court held an initial conference. A-Blake agreed that its complaint should be dismissed because "the geniuses that were telling me what to plead in this case because they own the copyright. Essentially, what – we're trying to gain some money back and see what's happening is the sale of our sound recordings which we allege that Cassidy sell our CDs at his concerts. He sells them online."[1] It failed to state a copyright claim supported by a valid U.S. Copyright Registration.

At this conference the court allowed A-Blake to amend its complaint to include the contract claim. Despite this court's order, it never filed its amended complaint until the court again demanded it be filed. The court also ordered Cassidy – who had obtained different counsel to defend the copyright case – to explain the effect of his bankruptcy plan on his contract with A-Blake. At this point, A-Blake – who had retained the same counsel in the bankruptcy – knew that Cassidy had rejected the contract but did not inform the court. Rather, it let the meter keep running on Cassidy's attorney's fees.

On February 24, the court held another conference. Cassidy told the court that he had researched the alleged copyright and performance licenses. He admitted that he assigned a portion of his co-publishing copyright to A-Blake, but it was clear that A-Blake did not own the material. After discussing that Cassidy purchased the albums from a third-party distributor, the parties agreed that Cassidy owed nothing to A-Blake for the album sales. A-Blake asked the court to dismiss the case with prejudice.[2]

---

[1] Transcript of Proceedings at 5:8, A-Blake Records, LLC, v. Jason William Cassidy, 14-cv-3401 (January 29, 2015), ECF No.16.

[2] Transcript of Proceedings at 9:14, A-Blake Records, LLC, v. Jason William Cassidy, 14-cv-3401 (Feburary 24, 2015), ECF No.25.

Before dismissing the case, Cassidy, yet again, asked the court to award attorney's fees and costs. The court denied the motion. Fourteen-days later, Cassidy timely moved for post-judgment attorney's fees or to amend the final judgment under Rule 59. The court amended the judgment under Rule 59, awarded attorney's fees, and ordered Cassidy to give the court a copy of his attorney bill. After several briefs by the parties and a thorough review of the bankruptcy proceedings, the court vacated its order amending the judgment and awarding attorney's fees. The court will now award post-judgment attorney's fees and costs to Cassidy.

3.  *Attorney's fees.*

A voluntary dismissal does not deprive this court of jurisdiction to award attorney's fees and costs.[3] Because this court had jurisdiction over the copyright claim, it may award attorney's fees to Cassidy.

The Copyright Act permits a court to award full litigation costs to any party of copyright litigation and reasonable attorney's fees to the prevailing party.[4] A prevailing party is one awarded some relief by the court – the party in whose favor the judgment is rendered.[5] Either the plaintiff or the defendant can prevail. A dismissal with prejudice, even by the parties' agreement, is a court-ordered change in the legal relationship between the parties. When a case is dismissed with prejudice the defendant gains the protection from further suits for the same transaction by the plaintiff. A-Blake's claims against Cassidy were dismissed with prejudice after it had admitted that it had no claim for recovery. Undoubtedly, Cassidy prevailed.

The court may award attorney's fees after considering several – albeit nonexclusive – factors: (a) the frivolousness of the claim, (b) a party's motivation for filing suit, (c) the objective factual and legal unreasonableness of the claim, and (d) the need to further the interests of the copyright act.[6]

---

[3] See also *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013).

[4] 17 U.S.C. 505 (2000).

[5] *Buckhannon Bd. & Care Home, Inc. v. W. Virgina Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

[6] *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 536 (1994).

A-Blake says that it should not have to pay Cassidy's fees because it was not sanctioned for discovery violations and it did not file multiple non-meritorious motions. It is confused. A court may award fees if the examination of the particular procedural and substantive aspects of the case warrants it.[7] This case warrants it.

A-Blake knew that it did not own the right to exclude Cassidy from performing his songs – it still filed suit. A-Blake conceded that its original complaint was legally deficient. The court could have granted Cassidy's motion to dismiss, but A-Blake persisted that it had a valid claim for recovery. When the court allowed it to amend its complaint to an accounting question, it knew it had no right to recover its previously discharged debt from Cassidy – it insisted the case go forward.

Its amended complaint was deficient. A-Blake agreed to dismiss the case after Cassidy exposed the baselessness of its claims on the record – after Cassidy told the court what A-Blake knew before it chose to file suit.

A-Blake filed this suit because Cassidy's estate rejected its contract and A-Blake missed the deadline to object. The court understands that A-Blake is unhappy and believes it is owed $700,000.00 from Cassidy. This does not give A-Blake permission to be mean spirited, to use this court as a means for retaliation, or to force Cassidy to pay to defend himself against claims it knows to be without merit.

Copyright law serves the purpose of enriching the general public by protecting the creative and those that sponsor them, and through protecting access to creative works. It protects the infringed but provides ample defenses for alleged infringers. Before other can be excluded, a party must establish that it owns the copyright. Without this, creativity can be quashed and the public's access to creative works minimized by the mere threat of even unsubstantiated litigation. In this case, if Cassidy would have coward to A-Blake's assertions, his songs would not be performed and his music would go unsold to the public. His successful defense increased the public's exposure to his work. He gets to keep playing his songs, his way, in public places and projected through his fan's music players – many of whom will have the opportunity to build on his creativity.

A-Blake will pay Cassidy's litigation costs and reasonable attorney's fees.

---

[7] *Compaq Computer Corp. v. Ergonome, Inc.* 387 F.3d 403, 412 (5th Cir. 2004).

5.  *Conclusion.*

    Jason Cassidy takes $15,369.50 from A-Blake in attorneys fees.

    Signed on August 23, 2016, at Houston, Texas.

    Lynn N. Hughes
    United States District Judge